ATTORNEY'S NAME:   Obioha,  Pius   25810
AND ADDRESS:      5700 Florida Blvd.,,  Suite 412
                  Baton Rouge   LA  70806

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

NO:    2004  -- 17250     6                                        SECTION:  8    -- N

WILLIAMS, KIANNA ET AL  versus  BARRIERE CONSTRUCTION COMPANY, L.L.C. ET AL

## C I T A T I O N

TO:   J WARREN GARDNER, JR., ESQ

THROUGH:

    601 POYDRAS STREET  SUITE 2300

    NEW ORLEANS                LA   70130-6078

YOU HAVE BEEN SUED:

You must either comply with the demand contained in the petition
SECOND AMENDED PETITION W/ATTACHMENTS
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of
this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the
service hereof under penalty of default

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                        ADDITIONAL INFORMATION
  Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer
  Referral Service at 561- 8828. This Referral Service operates in conjunction with the New Orleans Bar Association.
  If you qualify, you may be entitled to free legal assistance through the New Orleans Legal Assistance Corp ; you
  may call 529 - 1000 for more information.
  COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for
the Parish of Orleans, State of LA        May 19, 2007       .

Clerk's Office, Room 402, Civil Courts Building,          DALE N. ATKINS,  Clerk of
421 Loyola Avenue                                        The Civil District Court
New Orleans, LA                                          for the Parish of Orleans
                                                         State of LA
                                                         by
                                                             Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                        SHERIFF'S RETURN
                    (for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ | On this _____ day of _____ |
| _____ served a copy of the w/i petition | _____ served a copy of the w/i petition |
| SECOND AMENDED PETITION W/ATTACHMENTS | SECOND AMENDED PETITION W/ATTACHMENTS |
| On  J WARREN GARDNER, JR., ESQ | On  J WARREN GARDNER, JR., ESQ |
| THROUGH: | THROUGH: |
|  | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating  HIM / HER  the said _____ J WARREN GARDNER, JR., ESQ |
| Returned  same  day | being absent from the domicile at time of said service. |
| _____ No. | Returned  same  day |
| Deputy Sheriff of _____ | _____ No. |
| Mileage:  $_____ | Deputy Sheriff of _____ |
| _____ / ENTERED /_____ PAPER            RETURN | |
| _____/_____/_____ SERIAL NO.    DEPUTY    PARISH | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 04-17250                                          DIV. N-8

KIANNA WILLIAMS, ET AL

VERSUS

BARRIERE CONSTRUCTION COMPANY, L.L.C., ET AL

FILED: _____        _____
                                            DEPUTY CLERK

<u>SECOND AMENDED PETITION</u>

**NOW INTO COURT**, come petitioner Kianna Williams and all other similarly situated petitioners in the above styled and numbered cause, through undersigned counsel and humbly beg this **HONORABLE COURT** to allow a second amendment of the original petition as follows, to-wit:

I.

That the caption be reconstructed to show the named defendants in a clearer order of their liability unto the class (es) of petitioners assigning new and separate case numbers as may be required by the court.

II.

Petitioners aver that such an order in the caption will better demonstrate the liability of each defendant in the action as set forth in the original position that complaints of injuries to the petitioners began when defendants Entergy Corporation and/or Entergy New Orleans, Inc., under took large scale street excavations in Central City New Orleans on or about December 8, 2003. Defendants Entergy Corporation and/or Entergy New Orleans, Inc. relied on the contracted services of Barriere Construction to perform said street excavations, Barriere construction subcontracted with Hard Rock Construction Company to perform a share of the excavations commenced by Defendants Entergy. The negligence of the defendants in their city street excavation project caused buried gas lines to be ruptured with the massive release of toxic vapors into the targeted neighborhoods for streets excavations. The toxic releases harmed the petitioner and many other residents in the contaminated areas due to the gross negligence of the defendant excavators who failed in their duty of care to protect the petitioners from ruptures of buried gas lines that released their toxins into the community with devastating effects upon petitioners.

### III.

Paragraph 14 of the original petition is amended to read that on or about December 7 & 8, 2003 Barriere Construction Company, L.L.C. was the hired contractor by Entergy Corporation and/or Entergy New Orleans, Inc. to fully reconstruct North Dorgenois Street extending from Elysian Fields to St. Bernard Avenue.  Defendant Hard Rock Construction Company was the subcontractor of Barriere Construction on the street excavation project and other street excavations in targeted New Orleans Central City Neighborhoods, including Annette Street.  The negligent digging up the streets by the defendants caused gas line ruptures and explosions with gas leaks into broad areas of the community of Central City New Orleans with harmful effects reeked upon the petitioner residents of the contaminated urban areas.

### IV

Paragraph 21 of the petition is amended to read as follows:

Defendant Boh Bros. Construction Company as a subcontractor of the named defendants engaged in large-scale excavation of streets around Law and Dillion Streets on August 6, 2004.  Defendants Boh Bros Construction Company was negligent in its excavations and ruptured underground gas mains and pipelines causing toxic fumes to be released into community that injured many petitioners herein.  The numbers of the injured are so huge the undersigned is identifying each injured due to the broad scale negligent excavations of defendant Boh Bros Construction Company.  The undersigned is making a diligent identification effort in the aftermath of Hurricane Katrina when files were lost and petitioners displaced.

### V.

Paragraph 20 of the original petition and/of the first amended petition are amended to read as follows:

Defendant Entergy Corporation and/or Entergy New Orleans, Inc., had garde over numerous underground gas pipelines in Orleans Parish on December 8, 2003 and on subsequent dates of January 1, 2004, January 15, 2004, January 26, 2004, February 2, 2004, March 1, 2004 and March 15, 2004 when massive street excavations were performed by defendants Barriere Construction Company, L.L.C., Hard Rock Construction Company and Boh Bros. Construction Company that were contracted and subcontracted and with gross negligence failed to maintain a standard of care of Orleans Parish on the aforesaid dates and aforenamed streets and locations and other streets and locations to be revealed in discovery and at trial.

### VI

Pursuant to the court order, the class representatives who made class action allegations against the defendants due to the tortuous conduct of Transport Service Company of Illinois, INEOS Americas, L.L.C. and Jerome Holmes & XYZ Insurance Company wish to amend and supplement the caption of the petition to read as follows:

**RON RICHARDSON, DONALD CHARLES, BRAXTON CAESER RUFFINS, EDWARD LEE, RANGI HALL, et al**

**VERSUS**

**TRANSPORT SERVICE COMPANY OF ILLINOIS, INEOS AMERICAS, L.L.C. AND JEROME HOLMES AND XYZ INSURANCE COMPANY**

**VII.**

Paragraph 26 of the original petition is amended to read as follows:

On Or about August 18, 2004 petitioner and many similarly situated victims were physically injured in a way common to all members of the class when a tanker truck loaded with monoethanolamine and parked in the 4800 block of General Meyer in Algiers on the West bank of New Orleans leaked and spilled its toxic load contaminating a broad scale area and surrounding areas.

**VIII.**

Paragraph 27 of the original petition is amended to read as follows:

The tanker truck chemical leak and spill on August 18, 2004 in Algiers spread through the air by wind currents causing many persons to fall seriously ill and many to be displaced from their homes and housed in shelters.  The driver of the said tanker truck was defendant Jerome Holmes.  Defendant Holmes was employed as a driver of the tanker truck by Transport Service Company of Illinois, Named defendants Transport Service of Illinois and INEOS Americas L.L.C. are ultimately liable unto petitioners for the gigantic tanker truck leak and spill complained of herein.  All defendants failed in their duty of care owed to the petitioners to protect them from danger of the vehicle transport of hazardous materials in their community.

Petitioner Ron Richardson on behalf of the class of similarly situated victims prays that the court allows this second amendment of the original petition to be accepted into the record to isolate the tanker truck leak of August 18, 2004 and assigns a new case number to this tanker truck spill and deems the amendment measures sufficient to distinguish this action from all others.

3

## IX

Pursuant to this HONORABLE COURT order, the class representatives who made class action allegations against the defendant Boh Brothers Construction Company, L.L.C., & XYZ Insurance Company wish to amend and supplement the caption of the petition to read as follows:

**ROSEMARY JENKINS, CAROLYN AUGUSTINE, MICHEAL BEAN, ANGELINA AUGUSTINE, ALTHEA AUGUSTINE, MARIE AUGUSTINE, MARY PATRICIA OFFRAY, JENNIFER RATLIFF, WILLIMINA WILLIAMS, JAMES WILLIAMS, et al**

### VERSUS

**BOH BROTHERS CONSTRUCTION CO., L.L.C., XYZ INSURANCE COMPANY**

These respective class representatives reurge and amend the class allegations against Boh Brothers Construction Company, L.L.C. to include the following facts:

## X.

On or about August 6, 2004 at or near the intersection of Congress and Law streets or Dillion, the employees of the defendant negligently caused to rupture gas pipelines thereby releasing toxic fumes and vapors into the atmosphere and made residents to fall violently ill of which Ms. Rose Mary Jenkins was rushed to Methodist hospital by ambulance after the Fire Marshall arrived and issued an item #: H-672-04. Ms Rose Mary Jenkins was experiencing chest pains, difficulty breathing, vomiting, violent headaches and diarrhea, nausea, burning eyes, running eyes and nose and other health problems.

Petitioner Rose Mary Jenkins on behalf of the class of similarly situated victims prays that the court allows this second amendment of the original petition to be accepted into the record to isolate the Toxic fumes and vapors leak of August 6, 2004 and assigns a new case number to this subpart and deems the amendment measures sufficient to distinguish this action from all others.

## XI.

Pursuant to the same court order, it is reurged that the class facts allegations pertaining to the negligent conduct of Barriere Construction, Hard Rock Construction and Scottsdale Insurance Company, and XYZ Insurance Company be included, amended and supplemented to read as follows:

**BRYAN JACOB, WANDA JACOB, RICHARD DALIET, RONALD WILLIAMS, JAMES TROTTER, ANTOINETTE DABNEY, ERROL SANTA MARINA, MARY DUPLESSIS, BARRET DULESSIS, GAIL LEWIS, KENT KENDRICK, ET AL**

**VERSUS**

**BARRIERE CONSTRUCTION, HARD ROCK CONSTRUCTION AND SCOTTSDALE INSURANCE COMPANY AND XYZ INSURANCE COMPANY**

**XII.**

The named defendants were engaged in the excavations of the New Orleans city streets in and around the intersection of North Dorgenois and Annette streets, including the intersection of Frenchmen and St. Anthony streets.  On or about December 7, 2003 and or December 8, 2003 defendants' employees negligently caused gas line ruptures and explosions with gas leaks into broad areas of the city of New Orleans and made residents to fall violently ill.  Petitioners pray the court assigns a new case number to this subpart and deems the amendment measures sufficient to distinguish this action from all others.

**XIII.**

The former class action representatives in the captioned suit are now discharged and are relieved of their duties and responsibilities including responding to past, present and future discovery of all forms.

**XIV.**

Defendant, Entergy Corporation and/or Entergy New Orleans, Inc. is currently engaged in Bankruptcy proceedings in Federal Court.  Pursuant to the Chapter 11 of the Bankruptcy Code, all claims against Entergy Corporation and/or Entergy New Orleans, Inc., are subject to the Bankruptcy Court's reorganization order and should be stayed until further order of the Bankruptcy Court.  This honorable Court should defer to the federal Bankruptcy Court all claims made against Entergy Corporation and/or Entergy New Orleans, Inc. pending before the Bankruptcy court.

**XV.**

The class representatives of the various classes on behalf of the members of their respective classes reserve their rights to further amend and supplement the class action petition should new information be uncovered.

**WHEREFORE,** petitioners pray this **HONORABLE COURT** allows this second amendment to the original petition be admitted into the record and that it be deemed sufficient to identify the defendants in a highly complicated class action suit so as to protect the rights of the victims' claims against the negligence of the defendants and that after all due proceeding had that there be judgment in favor of petitioners and against the defendants for damages from date

5

of judicial demand with interest and costs until paid severally and jointly.  Further, petitioners

pray for all other relief this **HONORABLE COURT** deem equitable in the premises.

Respectfully Submitted,
Law Offices of Pius A. Obioha &
Associates, L.L.C.

**PIUS A. OBIOHA, (Bar# 25810)**
5700 Florida Blvd., Ste 412
Baton Rouge, LA 70806
**Current & Temporary Mailing Address**
**P.O. Box 46385**
**Baton Rouge, LA 70895**
**Tel. (225) 231-3778**
**Fax. (225) 930-0989**
Attorney for Plaintiffs

**Please serve:**

1.  John P. Wolff, III, Esq.
    KEOGH, COX & WILSON, LTD.
    701 Main Street
    Baton Rouge, LA 70802

2.  Charles B. Colvin, Esq.
    KINGSMILL RIESS, L.L.C.
    201 St. Charles Ave., Suite 3300
    New Orleans, LA 70170

3.  Lance R. Rydberg, Esq.
    400 Poydras Street
    New Orleans, LA 70130
    Attorney for Transport Service Company of Illinois
    And Jerome Holmes

4.  Endya E. Delpit, Esq.
    639 Loyola Ave., Suite 2600
    New Orleans, LA 70113

5.  J Warren Gardner, Jr., Esq.
    CHRSTOVICH & KEARNEY, L.L.P.
    601 Poydras Street, suite 2300
    New Orleans, LA 70130-6078

6.  Gregory G. Gremillion, Esq.
    Gaudy, Ranson, Higgins & Gremillion, L.L.C.
    Oakwood Corporate Center
    401 Whitney Avenue, Suite 500
    Gretna, LA 70056-2588

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA.

6

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS   FILED

STATE OF LOUISIANA

NO. 04-17256

DIVISION "N"

2005 MAR 10 P 2:38

SECTION

KIANNA WILLIAMS, THADDEUS DORSEY, individually and on behalf of his minor child, JACQUAIL DORSEY, IDA MAE FLOWERS, ANNIE MAE BROOKS WILLIS, SHAWN WILTZ, DERRICK J. GIBBS, JOSEPH A. WHITE, MARC D. PLUMMER, GERALD JOHNSON, OSCAR JILES, JEROME A. HAROLD, CALVIN DOYLE, JACKLYN SPENCER, ELERIA GIBBS, MATHILDA A. MOLLEY, TYRONE MARSHALL, SYLVESTER MYLES, JOYCELYN HAYES, MYRTLE LANGLOIS HAROLD, OSCAR JILES, SHAWN HAYS, JOHNELL HAROLD, MARY D. HARRELL, SADIE G. HARRELL, TORYANA HARRELL, SHAUNTAE M. JOSEPH, TERRI H. JOSEPH, APRIL KIMBERLY DUVERNAY, DOROTHY G. FLEMING, ANDRE JOSEPH COLSON, BRIAN T. WALKER, KAREN JEFFERSON, JOSEPH JOHN LEWIS, WESTON McCALL, DORIS SAWYER, JOSEPH BROWN, JR., LINDA M. DAY, wife of and GEORGE A. DAY, DIANE ELLIS, JOYCE JOHNSON, wife of and STONE JOHNSON, JR., JOYCE COATES BENNETT, JOERON H. COATES, DELICIA SMITH, LISA M. CRAIG, FRANCES B. TOLEDANO, KEEGAN P. HAYES, KENJI HAYES, CHELSEA A. HAYES, ASHLEY WILLIAMS, SYLVESTER MYLES, ELU JORDAN, ANTHONY JOSEPH, MICHELLE JOSEPH, LECHELLE FLEMING, CRYSTAL JOSEPH, TIERA JOSEPH, SHEYNA JOSEPH, ET AL.
(Continuation in Appendum)

VERSUS

BARRIERE CONSTRUCTION COMPANY, L.L.C., ABC INSURANCE COMPANY, HARD ROCK CONSTRUCTION COMPANY, SCOTTSDALE INSURANCE, ENTERGY CORPORATION, ENTERGY NEW ORLEANS, INC., BOH BROS. CONSTRUCTION CO., L.L.C., LMN INSURANCE COMPANY, XYZ INSURANCE COMPANY, TRANSPORT SERVICE COMPANY OF ILLINOIS, INEOS AMERICAS, L.L.C. AND JEROME HOLMES

FILED: _____      _____

                                              DEPUTY CLERK

## FIRST AMENDED CLASS ACTION PETITION FOR DAMAGES

NOW INTO COURT, comes petitioner, Kiana Williams and all other similarly situated

petitioners in the above-styled and numbered cause, through undersigned counsel, and amends

the original petition as follows, to wit:

**1.**

Paragraph 8 of the original petition is amended to read as follows:

Defendant Entergy Corporation is a foreign corporation licensed to do business in the State of

Louisiana and has a principal place of business located in Orleans Parish. Defendant Entergy

Corporation is the parent company for Entergy New Orleans, Inc. Accordingly, Entergy

Corporation is ultimately liable for the acts of negligence of Entergy New Orleans, Inc. whether

by omission or by commission.

**2.**

Paragraph 10 of the original petition is amended to read as follows:

Defendant Entergy New Orleans, Inc. is a subsidiary of Entergy Corporation and is authorized to do and doing business in the Parish of Orleans. Entergy New Orleans, Inc. has done business in New Orleans for more than 75 years and serves approximately 190,000 electric and 150,000 gas customers in Orleans Parish. Entergy New Orleans, Inc. is the owner of numerous networks of underground pipelines through which natural gas flows to homes in Orleans Parish.

**3.**

Paragraph 20 of the original petition is amended to read as follows:

Defendant Entergy New Orleans, Inc. had guard over numerous underground gas pipelines in Orleans Parish on December 8, 2003 and subsequent dates of January 1, January 15, January 26, February 2, and March 1, and August all of 2004 a massive street excavations project took place in 7th ward, 8th ward and 9th ward in Orleans Parish where Entergy New Orleans, Inc. had laid many of its underground natural gas pipelines. Entergy was negligent in not providing proper locator service for its underground pipelines for the diggers. Consequently, diggers ruptured numerous natural gas pipelines throughout the inner city causing tremendous amounts of natural gas to be needlessly released into the atmosphere making numerous residents ill and fear for their lives.

**4.**

Paragraph 24 of the original petition is amended to read as follows:

Defendant, Entergy Corporation, upon petitioners' information and belief is liable unto petitioners as the parent corporation of Entergy New Orleans, Inc. and is liable for failing to supervise Entergy New Orleans, Inc. Defendant Entergy Corporation stood by and did nothing to prevent Entergy New Orleans, Inc. from failing to provide proper locator service for its underground natural gas pipelines when a large scale street excavation project was launched in Orleans Parish on December 8, 2003 and dates between January 1st and August of 2004. Because of Entergy Corporation's failure to supervise Entergy New Orleans, Inc. the excavators ruptured many buried natural gas pipelines in Orleans Parish causing numerous residents to become ill from gas inhalation and suffer severe mental distress, fear and mental anguish.

**5.**

Paragraph 25 of the original petition is amended to read as follows:

Upon information and belief, petitioners hold Entergy New Orleans liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to petitioners by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish between December 8, 2003 thru August 2004, Entergy New Orleans, Inc. is located at 1600 Perdido Street in New Orleans. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the petitioners will be convincingly brought to light at trial.

**6.**

Paragraph 21 of the original petition is amended to read as follows:

Several months after the first series of gas pipeline ruptures sued upon from December 8, 2003, on or about August 6, 2004 the defendant Boh Bros., engaged in large scale excavation of the streets in the vicinity of Law Street and Congress Street in New Orleans. In the course of the excavation Boh Bros. ruptured natural gas pipelines causing havoc in the surrounding community with the wide scale release of toxic fumes into the air. Many surrounding residents found themselves overcome with the inhalation of the released gas. Many experienced vomiting, shortness of breath, uncontrollable nausea, dizziness, lightheadedness, eye irritations, and other medical complications. Some residents came down with violent diarrhea as a result of inhalation of the gas that thickened the air in the community. Boh Bros failed to follow proper on-call procedures established by Entergy New Orleans, Inc. for correct location of all buried natural gas pipelines in the area of the street excavation project. Had Boh Bros. requested for or followed the on-call utility locator guidelines in advance of the digging it would have learned of the actual locations of the underground gas pipelines and avoided striking and rupturing the pipelines and residents would not have sustained the physical and emotional harm they suffered from gas inhalation on the dates herein referenced above.

**5.**

Paragraph 25 of the original petition is amended to read as follows:

Upon information and belief, petitioners hold Entergy New Orleans liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans, Inc. breached its duty of care to petitioners by failing to provide proper locator service and mark the location of their underground gas pipelines for street excavators conducting a large scale street excavation project in Orleans Parish between December 8, 2003 thru August 2004, Entergy New Orleans, Inc. is located at 1600 Perdido Street in New Orleans. The entire extent of the negligence of Entergy New Orleans, Inc. regarding said gas leaks that caused physical and emotional harm to the petitioners will be convincingly brought to light at trial.

**6.**

Paragraph 21 of the original petition is amended to read as follows:

Several months after the first series of gas pipeline ruptures sued upon from December 8, 2003, on or about August 6, 2004 the defendant Boh Bros., engaged in large scale excavation of the streets in the vicinity of Law Street and Congress Street in New Orleans. In the course of the excavation Boh Bros. ruptured natural gas pipelines causing havoc in the surrounding community with the wide scale release of toxic fumes into the air. Many surrounding residents found themselves overcome with the inhalation of the released gas. Many experienced vomiting, shortness of breath, uncontrollable nausea, dizziness, lightheadedness, eye irritations, and other medical complications. Some residents came down with violent diarrhea as a result of inhalation of the gas that thickened the air in the community. Boh Bros failed to follow proper on-call procedures established by Entergy New Orleans, Inc. for correct location of all buried natural gas pipelines in the area of the street excavation project. Had Boh Bros. requested for or followed the on-call utility locator guidelines in advance of the digging it would have learned of the actual locations of the underground gas pipelines and avoided striking and rupturing the pipelines and residents would not have sustained the physical and emotional harm they suffered from gas inhalation on the dates herein referenced above.

**7.**

Paragraph 24 of the original petition is amended to read as follows:

Defendant, Entergy Corporation, upon petitioners' information and belief is liable unto petitioners as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discovery and at trial, petitioners will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated the series of near disasters that repeatedly occurred in the same general areas of New Orleans between December 8, 2003 and August 6, 2004 and on August 18 or 19, 2004 when tanker truck released toxic gas into the air in Algiers.

**8.**

Paragraph 25 of the original petition is amended to read as follows:

Upon information and belief, petitioners hold Entergy New Orleans liable unto them for the massive release of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans breached its duty of care to petitioners by failing to provide proper locator service to diggers and utility workers. Also, Entergy New Orleans failed to take precautionary surveillance of digging sites when it had knowledge of massive excavation of streets in New Orleans from December 8, 2003 through August 6, 2004. The underground natural gas pipelines belonged to Entergy of New Orleans. Entergy was negligent in not taking preventative action along the digging sites.

**9.**

Paragraph 50 is amended to read as follows:

(A)   Until a more precise determination is made of the geographical area affected by the instant ruptures/explosions and subsequent gas leaks and emissions, petitioners allege that the class consists of all persons located or residing in the Parish of Orleans and/or within a five (5) mile radius of the incident locations, those who sustained personal, mental, economic damages and/or inconvenience as a result of the instant gas line ruptures/explosions and subsequent gas leaks and emissions which occurred on or about December 8, 2003 through August 6, 2004; and again on August 18th or 19th 2004 when a tanker truck released gaseous toxins into the air in Algiers on the Westbank of New Orleans.

(B)     As a result of the exposure to toxic and hazardous chemical fumes, vapors and other substances from the tanker truck, Petitioners suffered serious injuries. Further, Petitioners live in fear that as a result of their exposure, they will suffer continuing adverse health consequences and/or disabling or terminal diseases in the future. The tanker truck caused considerable fear, anguish, discomfort, and inconveniences to petitioners as well as pain and suffering, mental anguish, emotional distress and psychological damages. Defendants, Transport Service Company of Illinois, Ineos Americas, L.L.C., and Jerome Holmes are liable to petitioners for damages sustained from the release of the tanker truck toxic and hazardous chemical fumes and substances.

<u>10.</u>

Throughout the original petition several typographical errors have been corrected.

**WHEREFORE,** petitioners pray that the Amended petition be deemed sufficient to state a cause of action against Defendants Entergy Corporation and Entergy New Orleans, Inc. and that after all due proceedings had that there be judgment in favor of petitioners and against the defendants for damages and for petitioners from date of judicial demand, with interest, until paid, with judgment against defendants being severally and jointly. Further, petitioners pray for all other relief this HONORABLE COURT deems equitable in the premises.

Respectfully Submitted,

*Pius Obioha*

Pius A. Obioha, Esq.
1550 N. Broad St.
New Orleans, LA 70119
Telephone: (504) 944-4479
Fax: (504) 944-2969

## CERTIFICATE OF SERVICE

HEREBY CERTIFY, that a true and correct copy of the foregoing has been served upon all counsel of record by epositing same in the US mail, postage prepaid, and properly addressed on this ____ /0 ____ day of
_Marcls_____2005.


Pius A. Obioha

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. *04-17250*   DIVISION " *N* "                    SECTION *8*

KIANNA WILLIAMS, THADDEUS DORSEY, individually and on behalf of
his minor child, JACQUAIL DORSEY, IDA MAE FLOWERS, ANNIE
MAE BROOKS WILLIS, SHAWN WILTZ, DERRICK J. GIBBS, JOSEPH
A. WHITE, MARC D. PLUMMER, GERALD JOHNSON, OSCAR JILES,
JEROME A. HAROLD, CALVIN DOYLE, JACKLYN SPENCER, ELERIA
GIBBS, MATHILDA A. MOLLEY, TYRONE MARSHALL, SYLVESTER
MYLES, JOYCELYN HAYES, MYRTLE LANGLOIS HAROLD, OSCAR
JILES, SHAWN HAYS, JOHNELL HAROLD, MARY D. HARRELL,
SADIE G. HARRELL, TORYANA HARRELL, SHAUNTAE M. JOSEPH,
TERRI H. JOSEPH, APRIL KIMBERLY DUVERNAY, DOROTHY G.
FLEMING, ANDRE JOSEPH COLSON, BRIAN T. WALKER, KAREN
JEFFERSON, JOSEPH JOHN LEWIS, WESTON McCALL, DORIS
SAWYER, JOSEPH BROWN, JR., LINDA M. DAY, wife of and GEORGE
A. DAY, DIANE ELLIS, JOYCE JOHNSON, wife of and STONE
JOHNSON, JR., JOYCE COATES BENNETT, JOERON H. COATES,
DELICIA SMITH, LISA M. CRAIG, FRANCES B. TOLEDANO, KEEGAN
P. HAYES, KENJI HAYES, CHELSEA A. HAYES, ASHLEY WILLIAMS,
SYLVESTER MYLES, ELU JORDAN, ANTHONY JOSEPH, MICHELLE
JOSEPH, LECHELLE FLEMING, CRYSTAL JOSEPH, TIERA JOSEPH,
SHEYNA JOSEPH, ET AL.
(continuation in Appendum)

VERSUS

BARRIERE CONSTRUCTION COMPANY, L.L.C., ABC INSURANCE
COMPANY, HARD ROCK CONSTRUCTION COMPANY,
SCOTTSDALE INSURANCE, ENTERGY CORPORATION, ENTERGY
NEW ORLEANS, INC., BOH BROS. CONSTRUCTION CO., L.L.C., LMN
INSURANCE COMPANY, XYZ INSURANCE COMPANY, TRANSPORT
SERVICE COMPANY OF ILLINOIS, INEOS AMERICAS, L.L.C. AND
JEROME HOLMES

FILED:_____         _____
                                              DEPUTY CLERK

CLASS ACTION PETITION FOR DAMAGES

NOW INTO COURT, comes Kianna Williams and other petitioners in the above-styled
and numbered class, joined as parties seeking damages, through undersigned counsel, for injuries
common to all members of the class and humbly begs this Honorable Court as follows, to wit:

1.

Petitioner, Kianna Williams and all other petitioners appearing herein, represent a class of
persons similarly that constitute a class that are so numerous as to make it impracticable for all of
them to be joined as parties.

2.

The damages being sought by this class action suit are for injuries that are common to all
members of the class.

**3.**

Petitioner, Kianna Williams, is of the age of majority and domiciled in Orleans Parish, State of Louisiana. She will fairly insure the adequate representation of all members and begs to be allowed to bring this class action suit on behalf of all members.

**4.**

Defendant, Barriere Construction Company, L.L.C. (hereinafter sometimes referred to as "Barriere"), is a Louisiana company authorized to do and doing business in the Parish of Orleans.

**5.**

Defendant, ABC Insurance Company is the fictitious name of an insurance company to stand in the place of a heretofore unknown insurance company petitioners believe is the insurer for Barriere Construction Company, L.L.C., protecting it against accident claims.

**6.**

Defendant, Hard Rock Construction Company (hereinafter sometimes referred to as "Hard Rock"), is a Louisiana company authorized to do and doing business in the Parish of Orleans.

**7.**

Defendant, Scottsdale Insurance Company (hereinafter sometimes referred to as "Scottsdale"), is a foreign insurance company authorized to do and doing business in the State of Louisiana, Parish of Orleans. Petitioners, upon information available at this time believe Scottsdale is the insurer of Hard Rock Construction Company.

**8.**

Defendant, Entergy Corporation, is a foreign corporation licensed to do and doing business in the State of Louisiana with its primary business office located in the Parish of Orleans, and that its registered agent for service process is Christopher T. Screen.

**9.**

Defendant, DEF Insurance Company, is the fictitious name of an unknown insurance company that petitioners believes is the insurer for Entergy Corporation protecting it from acts causing damages to others.

**10.**

Defendant, Entergy New Orleans, Inc., is a subsidiary of Entergy Corporation providing electricity and gas energy sources and authorized to do and doing business in the Parish of Orleans.

**11.**

Defendant, LMN Insurance Company, is a fictitious name for an unknown insurance company petitioners believe is the insurer of Entergy New Orleans, Inc., protecting it from acts causing damages to others.

**12.**

Defendant, Boh Bros. Construction Co., L.L.C. (hereinafter referred to as "Boh Bros."), is a business corporation domiciled in New Orleans, Louisiana, with its principle place of business located in New Orleans, Louisiana and authorized to do and doing business in Orleans Parish.

**13.**

Defendant, XYZ Insurance Company, is a fictitious name of a heretofore unknown insurance company petitioners believe is the insurer of Barriere Construction Company, L.L.C., protecting against the liability of said defendant.

**14.**

On or about December 8, 2003, defendant, Barriere, was the hired contractor to fully reconstruct North Dorgenois St. extending form Elysian Fields St. to St. Bernard Ave. Hard Rock was the subcontractor on the project performing the excavation and other street rebuilding related jobs. While engaged in the reconstruction of North Dorgenois St., the defendants ruptured an underground gas line at North Dorgenois St. and Annette St. The incident caused gas line explosions and gas leaks into broad areas of the community with devastating effects upon the local residents.

**15.**

Gas vapors saturated the air of blocks of streets near North Dorgenois Street. Petitioners, without warning, suddenly found themselves grasping for breath. Those at ground zero and closer to the main gas bursts were stricken with fear believing they were in the grips of a chemical terrorist attack. Many petitioners experienced dizziness, nausea, headaches and impaired vision. Many petitioners tried to flee from their homes into the streets only to collide

with their neighbors in a similar state of confusion and suffering from the same toxic fumes inhalation. Pandemonium reigned in the contaminated areas. Many petitioners driving along in the affected areas experienced lightheadedness and brought their vehicles to dead stops in the street fearful of having an accident.

16.

Petitioner, Kianna Williams, was overcome by the pungent smell of gas in her home on December 8, 2003 and believing a knob on the gas range had somehow been left open, rushed to the kitchen and finding no gas outlet open panicked and tried to run from her house. She tripped and fell down the steps and injured her back. In the rush of adrenalin, she hardly noticed the pain from the fall and picked herself up to find neighbors in the streets yelling it was a gas main hit by the construction workers. Feeling somewhat relieved, she found her way back inside and washed her eyes with water. Her eyes were left with a burning sensation. For days petitioner Williams suffered severe headaches, a runny nose, burning eyes, blurred vision and shortness of breath due to the sudden gas exposure she was subjected to on December 8, 2003.

17.

Petitioner, Kianna Williams, was treated for her injury to her back caused in her panic provoked fall in a confused urgency to escape the toxic gas fumes in the air on December 8, 2003 by Dr. Godwin C. Ogbuokiri at the Downman Urgent Healthcare Clinic. The medical report of Dr. Ogbuokiri reveals that petitioner Williams, along with suffering multiple physical complaints of suffering, experienced severe post traumatic stress disorders and mental anguish. Petitioner Williams manifested to Dr. Ogbuokiri that she had fears of developing cancer or some other serious illness on account of the toxic gas she had inhaled. She expressed anger at those responsible for the gas releases into her community.

18.

Petitioner Williams was under a doctor's care for some five months because of the gas exposure that she was forced to endure at the hands of the defendants. Petitioner has accrued outstanding medical bills that reach $3,980.00 that must be paid.

19.

Numerous petitioners fell ill from gas inhalation as a result of the rupture of gas pipelines on December 8, 2003. Many sought medical attention at hospital emergency rooms. Others began treatments with Dr. Ogbuokiri at Downman Urgent Healthcare Clinic. Still others sought

4

treatments at the Plaza Medical Center at 2809 St. Claude Avenue, New Orleans, LA 70117. All have amassed outstanding medical bills that clamor to be paid.

**20.**

Subsequent to the foregoing gas eruption of December 8, 2004 that wreaked so much havoc in the 7th, 8th and 9th Wards of New Orleans, there were other gas leaks on the dates of January 26, 2004, February 2, 2004, and March 1, 2004. Several other dates of possible gas line leaks include January 1, 2004, January 15, 2004 and March 15, 2004. Together all of these massive emissions of gas into the community sent hundreds of petitioners to seek medical attention for a range of ailments including, but not limited to, headaches, sinus trouble, chest pains, respiratory and breathing difficulties, hyperventilation, and other physical injuries to be proven at trial.

**21.**

Several months after the first series of gas line ruptures, on or about August 6, 2004 the defendant, Boh Bros., engaged in large scale excavation of the streets in the vicinity of Law and Dillon in New Orleans. In the course of the excavation, Boh Bros. ruptured a natural gas pipeline causing havoc in the surrounding community with the wide scale release of toxic fumes into the air. Some nearby resident found themselves overcome with vomiting, shortness of breath, uncontrollable nausea, dizziness and lightheadedness, eye irritations, dizziness, and other medical complications. Some residents came down with violent diarrhea.

**22.**

Petitioner believes Boh Bros. at the time it caused the gas main rupture at Law and Dillon Streets, had in effect an insurance coverage protecting it in the event of claims and suits for its acts of negligence. Since the name of such an insurance company is unknown to petitioners, it has been designated herein as XYZ Insurance Company until petitioner can find the correct identity of that insurance company as it stands in the shoes of Boh Bros. in the lawsuit.

**23.**

Defendant, Hard Rock, is liable for damages sustained by petitioners and the class they seek to represent because its crew, employees, and/or equipment failed to use due care when performing underground utility work, among other things, and more specifically knew or should have known of the gas liens located underneath the street failed to exercise caution on due care performing work in the areas surrounding the gas lines.

5

24.

Defendant, Entergy Corporation, upon petitioners' information and belief is liable unto petitioners as the owner of the gas pipelines that ruptured and released the toxic fumes into the communities on the dates in question. During discover and at trial, petitioners will bring to light the acts and/or omissions of Entergy Corporation that contributed to the negligence that facilitated the series of near disasters that repeatedly occurred in the same general areas of New Orleans between December 8, 2003 and August 6, 2004.

25.

Upon information and belief, petitioners hold Entergy New Orleans liable unto them for the massive releases of gas into their neighborhoods on the dates previously referred to herein because Entergy New Orleans is a subsidiary of Entergy Louisiana and shares local responsibility for the gas pipelines through which gas is provided to residents of New Orleans. Entergy New Orleans contributed to the negligence by acts and/or omissions that allowed contract companies to carelessly undertake excavations in the City areas effected by the gas line ruptures herein complained of. The negligence of Entergy New Orleans in the massive gas leaks herein sued upon will be convincingly brought to light at trial.

26.

On or about August 18 and/or 19, 2004, a tanker truck, loaded with monoethanolamine, allegedly owned, operated, chartered or held in custody by defendants, was parked in the 4800 block of General Meyer, Algiers, Parish of Orleans, State of Louisiana. During said time, there were releases of fumes, vapors, and other toxic and hazardous substances including, but not limited to, monoethanolamine, from the tanker truck.

27.

The foregoing mentioned chemical fumes, vapors, other toxic and hazardous substances traveled throughout the air for several miles with the wind currents, coming into contact with persons physically present in and around Algiers, Louisiana. Due to the release of these chemical fumes, vapors, other toxic and hazardous substances, petitioners, their minor children, and other persons in the vicinity of the release were evacuated from their schools and/or businesses and ordered to shelter in place at their homes as a result of the incident.

28.

Upon information and belief, petitioners contend that the chemical fumes and vapors released were extremely toxic, hazardous, and harmful causing petitioners to suffer skin, eye and respiratory tract irritations, nausea, vomiting, drowsiness, dizziness, headaches, and other medical complications.

29.

Petitioners' injuries were also caused by and/or aggravated by the defendants' failure to properly respond to the release and take the necessary precautions to mitigate the danger to petitioners and the surrounding communities, and/or to timely and adequately warn the victims of the release of the toxic and hazardous chemical fumes and vapors.

The releases of the toxic and hazardous chemical fumes, vapors and substances were caused by the joint and/or concurrent fault and/or negligence and/or strict liability of the defendants in the following non-exclusive particulars:

a. In allowing a hazardous situation consisting of toxic and hazardous fumes, vapors and substances to exist;

b. In acting in a careless and negligent manner without due regard for the safety of petitioners and others;

c. Parking the tanker truck in violation of Parish, State and Federal law;

d. Failing to take appropriate action to avoid or mitigate the release of toxic and hazardous chemical fumes, vapors and other substances;

e. Failure to take adequate precautions to properly park the tanker truck;

f. In hiring untrained or poorly trained employees;

g. In failing to properly train their employees;

h. Failure to recognize and properly react to the indications of warning signs of the release of toxic and hazardous chemical fumes, vapors and substances;

i. Failure to timely evacuate;

j. Failure to timely warn;

k. Failure to properly inspect, maintain and repair the tanker truck, and

l. Such other acts of negligent omissions as will be shown at the trial of this matter, all of which acts are in violation of the laws of Louisiana.

30.

In addition to the negligence stated above, and in the alternative thereto, the injuries and damages suffered by petitioners were caused by acts and/or omissions of the defendants, which acts and/or omissions may be beyond proof by the petitioners herein, but which were within the knowledge and control of the defendants, there being no other possible conclusion than that the

7

chemical fumes, vapors, toxic and hazardous substances released resulted from the negligence of the defendants.  Furthermore, the release of the chemical fumes, vapors, toxic and hazardous substance would not have occurred had the defendants exercised the high degree of care imposed on them; therefore, petitioners plead the doctrine of *res ipsa loquitur*.

31.

Petitioner residents incurred inconvenience nervousness, flue like symptoms and some were rushed to hospital emergency rooms.  Some were just frozen with fear from the heavy smell of natural gas and chemical fumes that blanketed the affected areas and drifted through petitioners' neighborhood and were inhaled.

32.

All of the petitioners appearing herein and those who remain to be included have suffered similar injuries due to the negligence of the defendants.  The defendants and their insurance companies are liable unto petitioners jointly, severally and *in solido* and to the class, petitioners seek to represent for an amount reasonable in the premises for the following reasons:

1. That defendants were negligent in failing to use due care in reconstructing and/or repairing and/or working on the streets and negligent maintenance of the tanker truck that released toxic fumes into the Algiers neighborhood;

2. That an agent, employee or workers of the defendants failed to use due care in working upon and/or repairing or reconstructing the streets and in the maintenance;

3. That the defendants' supervisors, crews, or equipment under their control were responsible for the gas release were negligent;

4. That the defendants did not use all available means to avoid the gas line ruptures and subsequent gas releases into the effected communities and to prevent the tanker truck from releasing toxic fumes into the Algiers neighborhood;

5. That the defendants are liable for property damages business interruption, economic loss, personal injury, fear, fright and mental anguish caused by the gas line ruptures and releases referred to herein; and

6. That all of the foregoing acts of negligence and others brought to light during discovery and trial were known or should have been known to the owners, managers, supervisors, employee and operators and/or could have been avoided, but for want of due care.

33.

This is a class action brought pursuant to La. C.C.P. Art. 591, *et seq.*, on behalf of all persons or entities who or which sustained direct and/or consequential injuries and damages as a result of the gas pipeline ruptures, whom many victims herein described as explosions, with resultant massive gas releases into the atmosphere of New Orleans neighborhoods, particularly, but not limited to, the 7th, 8th, and 9th Wards during the period of December 8, 2004 through

August 6, 2004, and the tanker truck release of toxic fumes on or about the 18th or 19th of August, 2004 in Algiers, Orleans Parish.

34.

The class proposed to be certified is defined as follows:

(1)     All persons suffering injury as a result of the gas pipeline ruptures in Orleans Parish on or about the period of time between December 8, 2004 through August 6, 2004, and from the tanker truck toxic chemical release on or about August 18th or 19th, 2004 in Algiers;

(2)     All persons suffering mental anguish, fright and fear for their lives and those coming upon immediate family members overcome by the gas exposures in Orleans Parish on or about the period of time between December 8, 2004 through August 19, 2004 and beyond by the said gas and toxic chemical releases herein referred;

35.

There are common questions of law and fact applicable to all members in the class described herein.  These common and legal factual questions predominate over any individual questions affecting single members of the class.

36.

Defendants are liable for damages to petitioners and the class they seek to represent because its crew and/or equipment failed to use due care in performing the complete reconstruction of the several streets in New Orleans and/or because it failed to use due care in supervising its subcontractor performing underground utility work, among other things.

37.

Defendants are liable for damages sustained by petitioners and the class they seek to represent because its crew and/or equipment failed to use due care when performing underground utility work, among other things, and more specifically knew or should have known of the gas lines located underneath the street and failed to exercise caution and due care performing work in the areas surrounding the gas lines.

38.

The claims of the named representative petitioners are typical of the claims of the class they seek to represent, in that they represent petitioners seeking all possible categories of damages arising from these incidents, including property damage, business interruption and/or economic loss, inconvenience, personal injury, fear and fright.

**39.**

Petitioners will fairly and adequately represent and protect the interests of all class members of the described class. Petitioners have retained attorneys highly experienced in the prosecution of class actions, mass accident class actions, mass toxic tort class actions, and complex products liability litigation, to represent the class members herein.

**40.**

A class action pursuant to La. C.C.P. Art. 591, *et seq.*, is superior to other available methods of the fair and efficient adjudication of this litigation, since individual joinder of all members of each class is impracticable. Even if all class members could afford individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system in resolving the claims caused by the disasters set forth above. By contrast, the class action device presents far fewer difficulties and provides the benefits of uniform adjudication, economizes skill and judicial resources, and results in the comprehensive supervision of the proceedings in a single court.

**41.**

The action is appropriate for determination through the Louisiana Class Action Procedure (La. C.C.P. Art. 591, *et seq.*), for the following reasons:

1. The large number of potential claimants present a level of numerosity better handled through the class action procedure as opposed to a mass joinder of individual claims;

2. The common issues of law and fact pertaining to the determination of fault and the liability for compensatory and exemplary damages predominate over the individual issues of quantum;

3. The determination of fault and basis for assessment of damage may be made in a class action proceeding under the provisions of La. C.C.P. Art. 592.1(C)(1)(2) and (3) without the necessity of proof at the time as to the amount of those damages, thereby establishing guidelines for settlement and/or subsequent trials in individual cases if necessary;

4. Petitioners herein have sustained damages of the nature described hereinabove and are suitable representatives of the class;

5. The petitioner representatives herein are represented by skilled attorneys who are experienced in the handling of mass tort class actions and who may be expected to handle this action in an expeditious and economical manner to the best interests of all the class memberships; and

6. The Louisiana Class Action Procedure affords a superior vehicle for the efficient disposition of the issues and claims herein presented.

**42.**

Accordingly, class certification is appropriate under La. C.C.P. Art. 591, *et seq.*, because common issues of law and fact relative to (1) the cause of gas lines ruptures/explosions and subsequent gas leaks and emissions and (2) the items of damages recoverable, dominate over individual issues, and class certification is the superior method of resolving those claims.

**43.**

The gas lines ruptures/explosions and subsequent leaks and resulting damages were the result of the carelessness, recklessness, and negligence of the defendants, owners, workers, engineers, crew, supervisors and employees of the defendants in the following, non-exclusive, list of particular:

1. Failing to take proper precautions to determine the location of the underground gas line;

2. Failing to use proper workmanship and care in working in the area of gas lines;

3. Failing to properly maintain the equipment used in the street reconstruction;

4. Failing to properly inspect the area underneath the street;

5. Negligence in the performance of the reconstruction of the street;

6. Failure to exercise proper care in and safety in performing work underneath the street;

7. In acting in a careless and negligent manner without due regard for the safety of others;

8. In failing to promulgate, implement and enforce rules and regulations pertaining to the safe operation of the procedures being employed at the time of the incidents which, if said rules and regulations had been so promulgated, implemented and enforced, would have averted said incidents;

9. Failure to maintain a proper lookout;

10. In acting in a careless and negligent manner, causing the same sort of incident only ten blocks from the first incident, one month after the first incident; and

11. Such other acts of negligence, neglect, fault, omissions or co-missions to be revealed through discovery, noticed to the defendants upon such discovery, and proven at trial.

**44.**

Petitioners herein specifically aver that the defendants are presumptively at fault in causing and/or allowing the incidents to occur and are directly liable for all damages as alleged herein, resulting from the gas lines ruptures/explosions and resultant gas leaks and emissions identified herein.

11

**45.**

Petitioners also rely upon the laws of the State of Louisiana, including but not limited to La. Civil Code Articles 2315, 2315.6, 2316, 2317, 2320 and 2324, and aver that all of the aforesaid acts of negligence are in violation of the laws of the State of Louisiana.

**46.**

In addition to the negligence stated above, and in the alternative thereto, the injuries and damages suffered by petitioners and others were caused by acts or omissions of the defendants, which acts or omissions may be beyond proof by the petitioners herein, but which were within the knowledge and control of the defendants, there being no other possible conclusion than that the incidents and emissions resulted from the negligence of the defendants.  Furthermore, the incidents would not have occurred had the defendant owners, employees, agents, supervisors, and members of the crew of the work forces exercised the high degree of care imposed on them in the reconstruction of streets in New Orleans and the associated underground utility work.

**47.**

Upon information and belief, it is alleged that petitioners and other persons in the vicinity of the incidents sustained damages including, but not limited to, personal injury, mental and economic damages, property damages, evacuation and/or inconvenience, and relocation and/or forced evacuation of their residences to a safer location and/or aggravation of pre-existing conditions.

**48.**

Upon information and belief, the incidents caused the release of hazardous fumes, which permeated the atmosphere over the area adjacent to the incident sites and into the surrounding areas.

**49.**

All of the above mentioned and unmentioned gas leaks caused considerable fear, anguish, discomfort and inconvenience to all petitioners while present around and/or near the gas lines ruptures/explosions and gas leaks and emissions as well as personal injuries.  Accordingly, all petitioners are entitled to recover for the following non-exclusive damages:

  (a)     past, present and future physical pain and suffering;

  (b)     past, present and future mental pain and suffering;

  (c)     fear and fright;

(d)     past, present, and future lost wages;

(e)     past, present, and future medical expenses; and;

(f)     inconvenience and evacuation expenses.

**50.**

(A)     Until a more precise determination is made of the geographical area affected by the incident ruptures/explosions and subsequent gas leaks and emissions, petitioners allege that the class consists of all persons located or residing in the Parish of Orleans and/or within a five (5) mile radius of the incident locations, those who sustained personal, mental, economic damages and/or inconvenience as a result of the incident gas line ruptures/explosions and subsequent gas leaks and emissions which occurred on or about December 8, 2003 through August 6, 2004; and

(B)     As a result of the exposure to toxic and hazardous chemical fumes, vapors and other substances from the tanker truck, Petitioners suffered serious injuries.  Further, Petitioners live in fear that as a result of their exposure, they will suffer continuing adverse health consequences and/or disabling or terminal diseases in the future.   The tanker truck caused considerable fear, anguish, discomfort, and inconveniences to petitioners as well as pain and suffering, mental anguish, emotional distress and psychological damages.  Defendants, Transport Service Company of Illinois, Ineos Americas, L.L.C., and Jerome Holmes are liable to petitioners for damages sustained from the release of the tanker truck toxic and hazardous chemical fumes and substances.

**WHEREFORE**, petitioners pray that the defendants be duly served with a copy of this Petition and be cited to appear and answer same; that after due proceedings are had, that this action be certified as a class action pursuant to the provisions of La. C.C.P. Art. 591, *et seq.,* in the respects alleged hereinabove, for the purposes of determining the common issues of liability for compensatory damages and the basis for assessment of damages, if any; that, upon certification of the class action, the Court call for a formulation of a suitable management plan pursuant to La. C.C.P. Art. 593(C); that, after due proceedings, there be judgment in this matter in favor of the petitioners and against the defendants named herein, declaring that said defendants are liable to the petitioners and all class members for damages resulting from the gas lines ruptures/explosions and subsequent gas leaks and tanker truck toxic chemical emissions from December 8, 2003 through August 18th or 19th, 2004 and, further decreeing the basis on

13

which damages may be assessed against the defendants held liable therefore in this proceeding; that the rights of the petitioners and the members of the class to establish their entitlement to damages, and the amounts thereof, be reserved for determination in their individual actions when appropriate; that the petitioners recover their costs for the prosecution of this class action; Petitioners respectfully request that an order be entered as soon as practicable following reasonable discovery allowing this case to be maintained as a class action as set forth above, and further, that the Court enter such other and supplemental orders as may be necessary and proper under the premises; Petitioners respectfully pray that this Court immediately appoint an Interim Plaintiff Steering Committee to represent the interests of the petitioners herein and to actively participate in connection with the investigation of these disasters in order to insure that all class members are properly represented, that all pertinent evidence is preserved and that all necessary actions are taken to advance the interests of the members of the class. Petitioners further pray that after due proceedings be had there be judgment herein in favor and against the defendants, in such amount of damages as is reasonable in the premises, plus all costs, interest from the date of judicial demand until paid, and attorneys' fees, and for all general and equitable relief.

Further, because the gas pipeline ruptures and the tanker truck chemical release all involved release of toxins and/or hazardous materials, namely gas and monoethanolamine, petitioners also pray for punitive damages to be imposed upon defendants from date of judicial demand with interest until paid.

Respectfully submitted,

PIUS A. OBIOHA, ESQ. (Bar # 25810)
1550 North Broad Street
New Orleans, LA 70119
Tel. (504) 944-1049
Fax. (504) 944-2969
Attorney for Petitioners

**PLEASE SERVE:**

1. BARRIERE CONSTRUCTION COMPANY, L.L.C.
   through its registered agent
   Corporation Service Company
   320 Somerulos St.
   Baton Rouge, LA 70802

2. HARD ROCK CONSTRUCTION COMPANY
   through its registered agent
   Jeffrey D. Young
   262 Spinaker Dr.
   Slidell, LA 70458

14

or
2305 L&A Road
Metairie, LA  70001

3.  BOH BROS. CONSTRUCTION CO., L.L.C.
    through its registered agent
    Michael G. Cullen
    12203 Airline Hwy.
    Baton Rouge, LA  70817

4.  SCOTTSDALE INSURANCE COMPANY
    through the Louisiana Secretary of State
    8549 United Plaza Blvd.
    Baton Rouge, LA  70809

5.  ENTERGY CORPORATION
    through its registered agent
    Christopher T. Screen
    639 Loyola Ave., 26th Fl.
    New Orleans, LA  70113

6.  ENTERGY NEW ORLEANS
    through its registered agent
    Renee Masinter and/or Kenneth P. Carter
    639 Loyola Ave., 26th Fl.
    New Orleans, LA  70113

7.  Transport Service Company of Illinois
    through its agent for service of process
    James L. Ellis
    451 Florida Blvd., 8th Fl.
    Baton Rouge, LA  70801

8.  Ineos Americas, L.L.C.
    through its agent for service of process
    CT Corporation System
    8550 United Plaza Blvd.
    Baton Rouge, LA  70809

**PLEASE HOLD SERVICE ON:**

ABC INSURANCE COMPANY
DEF INSURANCE COMPANY
LMN INSURANCE COMPANY
XYZ INSURANCE COMPANY