UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIANNA WILLIAMS, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-3597** |
| | * | |
| **TRANSPORT SERVICE CO. OF ILLINOIS,** | * | |
| **INEOS AMERICAS, LLC, JEROME HOLME** | * | |
| **AND XYZ INSURANCE COMPANY** | * | **SECTION "L"(4)** |

### ORDER & REASONS

Before the Court is the Plaintiffs' Motion to Sever (Rec. Doc. No. 16). For the following reasons the motion is GRANTED.

**I.     BACKGROUND**

In 2004, Kianna Williams and numerous other Plaintiffs filed suit against multiple Defendants for damages resulting from nine separate incidents where chemicals and toxic vapors were allegedly released into the air. These incidents occurred on different dates and at different locations within the Parish of Orleans: first, an alleged rupture of a natural gas line on December 8, 2003, at North Dorgenois Street and Annette Street; second, a possible rupture of a gas line on January 1, 2004, at an unspecified location; third, a possible rupture of a gas line on January 15, 2004, at an unspecified location; fourth, a possible rupture of a gas line on January 26, 2004, at an unspecified location; fifth, a possible rupture of a gas line on February 2, 2004, at an unspecified location; sixth, a possible rupture of a gas line on March 1, 2004, at an unspecified location; seventh, a possible rupture of a gas line on March 15, 2004, at an unspecified location; eighth, an alleged rupture of a natural gas line on August 6, 2004, at Law Street and Dillon Street; and ninth, an alleged tanker truck spill and/or leak on August 18 and/or 19, 2004, in the

Algiers neighborhood of New Orleans.

Plaintiffs initially filed suit in the Civil District Court for the Parish of Orleans. While the case was pending in the state court, the state court entered an order granting Defendants Barriere Construction Company, Hard Rock Construction Company and Scottsdale Insurance's exceptions of vagueness.  Pursuant to this order, the Plaintiffs' counsel was ordered to separate his actions within sixty (60) days.  Instead of complying with this Order, the Plaintiffs filed their Second Amended Complaint which contained multiple case captions within one document.

The Plaintiffs, in their Second Amended Complaint, added claims against Transport Service Company of Illinois ("Transport").  Transport, an Illinois corporation with its principal place of business in Illinois, removed the case to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA").

## II.     LAW & ANALYSIS

### A.     Effect of the State Court Order

Pursuant to 28 U.S.C. § 1450, state court orders are transformed into orders of the federal district court to which the action is removed.  *See Louisiana v. Guidry*, 489 F.3d 692, 697-98 (5th Cir. 2007).  Accordingly, the state court's order to sever the Plaintiffs' claims is still in effect and the Plaintiffs must take the appropriate action.

### B.     Rules 20(a) and 21

Even if the state court order was no longer in effect, Rules 20 and 21 also support the conclusion that the Plaintiffs' claims should be severed. Federal Rule of Civil Procedure 20(a) establishes the requirements for the permissive joinder of parties: (1) whether the right to relief arises out of the same transaction, occurrence, or series of transaction or occurrences, and (2)

whether there are questions of law or fact common to all of the plaintiffs that will arise in the action.  Fed. R. Civ. P. 20(a).  Both requirements must be satisfied in order for the parties to be properly joined.  *Rohr v. Metro. Ins. & Cas. Co.*, Civ. A. No. 06-10511, 2007 WL 163037, *1 (E.D. La. Jan. 17, 2007).

"[T]he transaction and common question requirements prescribed by Rule 20(a) are not rigid tests ... they are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy."  *Wade v. Minyards Food Stores*, Civ. A. No. 03-1403, 2003 WL 22718445, *1 (N.D. Tex. Nov. 17, 2003) (internal quotation marks omitted).  As instructed by the Supreme Court, district courts should take a liberal approach to permissive joinder in the interest of judicial economy.  *United Mine Workers v. Gibb*, 383 U.S. 715, 724 (1966).

Rule 21 provides a district court with "broad discretion" to sever improperly joined parties.  *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). "Once a claim has been severed ... it proceeds as a discrete unit with its own final judgment, from which an appeal may be taken."  7 Wright, Miller & Kane, *Federal Practice & Procedure* §1689 (3d ed. 2001).

A district court may consider the following factors in order to determine whether claims should be severed:  (1) whether the claims arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance, and (5) whether different witnesses and documentary proof are required for separate claims.  *See McFarland v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-466, 2006 WL 2577852, *1 (S.D. Miss. Sept. 6, 2006) (*citing Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d 556,

580 (S.D.N.Y. 1999)).

It is clear that the Plaintiffs' claims do not arise from the same transaction or occurrence. Indeed, the Plaintiffs allege that their claims arise from a series of independent events that occurred in various areas of the New Orleans metro area. Accordingly, the Court finds that the Plaintiffs' claims should be severed.

### III.     CONCLUSION

IT IS ORDERED that the Plaintiffs' Motion to Sever is GRANTED.

IT IS FURTHER ORDERED that within fifteen (15) days of this Order Plaintiffs' counsel shall file an amended complaint for each alleged incident, including selecting which of the Plaintiffs' claims shall continue to proceed under this case number.[1] These pleadings shall be filed with the Clerk of Court on paper, not electronically. The caption of the amended complaints shall contain only the individual plaintiff(s) and defendant(s) that are the subject of that specific claim. It shall be accompanied by a copy of the original complaint(s), notice of removal and a copy of this Order. Upon filing, the Clerk will assign a new docket number and will assign these cases to Section L. All pleadings regarding that claim shall thereafter bear the new title and docket number of the new case.

IT IS FURTHER ORDERED that Plaintiffs shall serve each new amended complaint and summons with a copy of the original complaint, notice of removal and a copy of this Order on opposing counsel and on each Defendant not yet having appeared in the litigation.

Any substantive motions still pending in the original case must be re-filed in any newly assigned cases to which they pertain.

---

[1] By filing amended complaints, the Court intends to avoid any prescriptive or peremptive periods from preventing Plaintiffs' to continue with their suits.

Any claims not timely brought before the Court by amended complaint as ordered herein will be dismissed without further notice.

New Orleans, Louisiana, this 5th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE